Tueley, J.
delivered the opinion of the court.
The only question presented for the consideration of the court in this case is, as to the validity of the probate of a deed of conveyance from Thomas Dixon to Seth Wheatly intrust, *479 to secure a debt due the Farmers and Merchants Bank of Memphis.
The deed was executed on the 12th day of June, 1839, and proven before James Rose, an acting deputy of John W. Fuller, clerk of the county court of Shelby, on the 28th day of June, 1839, in regular form, by Charles Lofland, John W. Dupree and T. W. Moon, the subscribing witnesses thereto, and registered July 2d, 1839, in the county of Shelby.
It appears from the bill of exceptions, that John W. Fuller, clerk of the county court of Shelby, on the 2nd day of May 1839, executed a power by which he appointed James Rose a deputy clerk of the county court of Shelby, giving him full and ample authority to take the probate of deeds and instruments of writing required to be proven and registered.
Under this appointment, James Rose proceeded to act as deputy clerk, without having taken the oath appointed for the qualification of public officers, and the oath of office, and, while so acting, received and certified the probate of the deed in controversy. This, it is contended on the part of the plaintiff in ejectment, he was not, under the circumstances, warranted in doing; that the probate is therefore void, and the deed not legally registered.
By the act of 1794, ch. 1, sec. 72, it is provided that all deputy clerks shall take the oath appointed for the qualification of public officers and an oath of office. Now, James Rose having neglected to comply with the provision of this statute, though regularly appointed, was not a deputy clerk of Shelby county de jure; but it is contended that he was de facto, and that his acts as such are, so far as third persons are concerned, of equal validity as if he had been clérk de jure, and this from public necessity. This, as a general proposition, is not, as it could not be controverted. But it is argued, that under the provisions of our statutes upon this subject, one who is only a deputy defacto and not de jure, cannot take a probate of a deed or other instrument, and if such probate be taken by him it is null and void.
An examination of the different statutes upon this subject is necessary to their correct exposition.
By the 6th section of the act of 1835, ch. 53, exclusive *480 authority is given to the clerks of the county courts to take probate or acknowledgement of deeds of trust, bills of sale, and all other instruments of writing required to be registered. By the act of 1838, ch. 150, sec. 1, it is provided, that the legally appointed deputy clerk of any county court in this State, shall be authorized to take the probate and acknowledgement of all such instruments; and by an act of the same year, ch. 306, sec. 2, the clerk of the county court of Shelby is authorised to appoint two deputies, one to reside in Memphis.
The argument against the validity of the probate of the deed in this case, rests upon the words “legally appointed,” as used in the statute of 1838. It is said these words necessarily exclude the actions of a deputy, who is such only de-facto; for such an one is not a legally appointed deputy; that to constitute a legally appointed deputy, he must not only have the appointment properly made by a principal clerk, but that he must also have taken the oaths prescribed by the act of 1794, ch. 1. Such, in our opinion, is not the just and proper construction of the words. The appointment and the qualification to an office are distinct and separate things; both of which (when a qualification is required) are necessary to constitute an officer de jure. A man is legally appointed to an office when his appointment has been made by the appointing power. Thus, in this State, a Judge is legally appointed when he has been duly elected by the Legislature, but he is not legally qualified till he has taken the oaths prescribed; so it is of all other officers — the appointment is a distinct and separate thing from the qualification. Indeed, this is necessarily so; for the oaths of qualification can only be administered to those who have been legally appointed. For, if the appointment be illegal, the administration of the oaths of' office would be, a nullity. Then the question arises, was James Rose, at the date of the probate of this deed in controversy, a legally appointed deputy of the clerk of the county court of Shelby county? We think he was; a written authority with full power constituting him such, had been executed and delivered by John W. Fuller, the principal clerk, who was the appointing power; but he *481 was not a legally qualified deputy, for .want of the administration of the oaths of office and qualification required by the act of 1794. Being the legally appointed deputy, he had the authority to take the probate of the deed, and the same is a valid probate.
The case of Atkinson vs. Micheaux, 1st Humph., which is cited as conflicting with this view of the case, has no similarity whatever. In that case, Belcher, who had undertaken to perform a high duty of the clerk of the county court of Hardeman, in the administration of an oath, was neither the legally appointed nor the legally qualified deputy of the clerk; he says himself that he was not a deputy at all, and so the court clearly thought and adjudged, not on account of any informality in his appointment and qualification to the office, but because he was neither appointed nor qualified.
Rose, then, being the legally appointed deputy of the clerk of the county court of Shelby, and acting publicly in that capacity, the probate of the deed of trust made to secure the debt to the Farmers and Merchants Bank, was a valid probate, and the Judge below erred in holding otherwise.
Let the judgment be reversed and the case remanded.