# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 10, 2016 Session

## JUDITH MOORE-PENNOYER v. STATE OF TENNESSEE, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 356514      Hon. Jon Kerry Blackwood, Special Judge[1]

---

### No. E2015-01701-COA-R9-CV-FILED-MARCH 21, 2016

---

This is a Rule 9 interlocutory appeal for a determination as to whether a person who has prevailed in a judicial election, but not yet assumed the office of judge, acts as a "state officer or employee" for purposes of the waiver provision set forth in Tennessee Code Annotated section 9-8-307(b), when making administrative staffing provisions. The plaintiff filed this action alleging tortious interference with an employment relationship by the defendant, a newly elected circuit court judge. The defendant filed a motion to dismiss, alleging that he was entitled to immunity based upon his position as a state officer. Following a hearing, the trial court found that the defendant did not enjoy any form of immunity and that the waiver provision did not apply because he was not yet a state officer or employee when the actions at issue took place before he took the oath of office and assumed his position. The court denied the motion to dismiss but granted permission to file an interlocutory appeal pursuant to Rule 9. We granted permission to appeal and now affirm the decision of the trial court.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, J., joined.

Herbert H. Slatery, III, Attorney General & Reporter, Andree S. Blumstein, Solicitor General, and Michael Markham, Senior Counsel, Nashville, Tennessee, for the appellant, the Honorable William T. Ailor.

Rick A. Owens and David H. Dunaway, LaFollette, Tennessee, for the appellee, Judith Moore-Pennoyer.

---

[1] Sitting by Supreme Court designation.

**OPINION**

## I.    BACKGROUND

Prior to the actions at issue in this appeal, Judith Moore-Pennoyer ("Plaintiff") was employed as a judicial assistant in the Circuit Court for Knox County in the State of Tennessee ("the State"). Plaintiff served as the administrative assistant for the Honorable Harold Wimberly. On August 7, 2014, William T. Ailor defeated Judge Wimberly in the general election. Approximately one week before the induction ceremony, Judge Ailor informed Plaintiff that her services as an administrative assistant were no longer needed. The next day, on August 27, 2014, the human resources manager for the Administrative Office of the Courts provided Plaintiff with a separation notice, confirming that Plaintiff's employment had been terminated, effective on August 29, 2014.

On August 29, 2014, Plaintiff filed suit against the State and Judge Ailor, as an individual (collectively "Defendants"). Plaintiff later filed an amended complaint. As pertinent to this appeal, she sought recovery against Judge Ailor for tortious interference with her employment relationship with the State. While Tennessee follows the "at-will" employment doctrine, "intentional interference with at-will employment by a third party, without privilege or justification, is actionable." *Forrester v. Stockstill*, 869 S.W.2d 328, 330 (Tenn. 1994). Such claims require the participation of three parties, the employer, the employee, and an unrelated third-party. *Thompson v. Memphis Light, Gas and Water*, 416 S.W. 3d 402, 413 (Tenn. Ct. App. 2011). Here, Plaintiff alleged that Judge Ailor, as an unrelated third-party, unlawfully interfered with her employment with the State.

Defendants responded by filing a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. As pertinent to this appeal, Defendants alleged that Judge Ailor was entitled to absolute immunity as a state officer or employee pursuant to Tennessee Code Annotated section 9-8-307(a)(h).[2] They opined that Judge Ailor had been duly elected and was acting within the scope of his employment when he terminated Plaintiff's employment and that jurisdiction over such issues lies with the Tennessee Claims Commission ("the Claims Commission"). They also claimed that Plaintiff could not establish her claim for tortious interference with an employment relationship because she was employed by an individual judge, not the State.

---

[2] "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain. For purposes of this chapter, "state officer" or "employee" has the meaning set forth in § 8-42-101(3)."

On November 21, 2014, Plaintiff filed suit against the State in the Claims Commission. Thereafter, Defendants filed a new motion to dismiss in the circuit court, alleging that dismissal was appropriate based upon the additional ground of waiver pursuant to Tennessee Code Annotated section 9-8-307(b), which provides as follows:

> Claims against the state [based on the acts or omissions of state employees] shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

They asserted that Plaintiff waived her right to pursue a cause of action against either defendant in the circuit court by filing a claim in the Claims Commission.

The trial court granted the motions to dismiss as to the claims filed against the State. However, the court denied the motions as to the claims filed against Judge Ailor in his individual capacity. In so holding, the court found that Judge Ailor did not enjoy any form of immunity and that the waiver provision did not apply. The court explained that Judge Ailor was not yet a state officer or employee because he had not taken the oath of office at the time of Plaintiff's discharge. Judge Ailor and Plaintiff sought permission to seek an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted the requests, and the parties filed the requisite applications with this court. This court granted Judge Ailor's Rule 9 application but denied Plaintiff's application.

## II. ISSUE

Unlike an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, "in which both the appellant and the appellee have broad latitude with regard to the issues that may be raised," the questions we may address are limited to "those matters clearly embraced within" the issues certified by the trial court. *Sneed v. The City of Red Bank, Tennessee,* 459 S.W.3d 17 (Tenn. 2014) (internal citations omitted). We have restated the issue identified by the trial court in its order as follows:

> [W]hether a person who has prevailed in a judicial election, but not yet assumed the office of judge, acts as a "state officer or employee" for purposes of the waiver provision set forth in Tennessee Code Annotated section 9-8-307(b), when making administrative staffing provisions.

## III.    STANDARD OF REVIEW

The trial court's grant or denial of a motion to dismiss a case based on lack of subject matter jurisdiction or for failure to state a claim is a conclusion of law. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn*, 270 S.W.3d at 47; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.    DISCUSSION

As previously stated, Tennessee Code Annotated section 9-8-307(b) provides as follows:

> Claims against the state [based on the acts or omissions of state employees] shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Judge Ailor asserts that the complaint must be dismissed because his position as a duly elected circuit court judge permitted him to make administrative staffing decisions in anticipation of assuming office as a state officer or employee. He posits that it is the election, not the induction ceremony that bestows upon the elected individual the rights to the office that he or she will assume. Plaintiff responds that Judge Ailor was not a state officer or employee when the actions at issue took place because he had not yet assumed his position as circuit court judge by taking the oath of office.

Tennessee Code Annotated section 8-42-101(3)(A) defines a state employee, in pertinent part, as follows:

> "State employee" means any person who is a state official, including members of the general assembly and legislative officials elected by the general assembly, or any person who is employed in the service of and whose compensation is payable by the state, or any person who is employed by the state whose compensation is paid in whole or in part from federal funds, but does not include any person employed on a contractual or percentage basis.

Circuit court judges are state officials within the meaning of section 8-42-101(3)(A).

The Tennessee Constitution governs the election of circuit court judges. The Constitution provides that elections for circuit court judges shall be held "on the first Thursday in August next preceding the expiration of their respective terms of service." Tenn. Const. art. VII, § 5. Once elected and qualified, a circuit court judge serves an eight-year term. Tenn. Const. art. VI, § 4. The term is "computed from the first day of September next succeeding his [or her] election" and does not expire until a successor is "elected or appointed, *and* qualified." Tenn. Const. art. VII, § 5 (emphasis added). Additionally, a duly elected or appointed circuit court judge may not enter upon the duties of the office before "tak[ing] an oath to support the Constitution of this State, and of the United States, and an oath of office." Tenn. Const. art. X, § 1.[3]

Judge Ailor cites the Supreme Court's decision in *Farmers & Merchants Bank v. Chester*, 25 Tenn. 458 (1846) for the proposition that it is the appointment or election that bestows upon the individual the rights to the office that he or she will assume. In *Farmers*, the Court considered whether a deputy clerk was authorized to take probate or acknowledge deeds of trust even though he had not taken the oath of office. 25 Tenn. 458, at *479-80. The statute at issue provided that such clerks must be "legally appointed" to gain the requisite authorization. *Id.* at 480. In upholding the clerk's actions, the Court provided as follows:

> The appointment and the qualification to an office are distinct and separate things, both of which (when a qualification is required) are necessary to constitute an officer *de jure*. A man is legally appointed to an office when his appointment has been made by the appointing power. Thus, in this State, a judge is legally appointed when he has been duly elected by the Legislature, but he is not legally qualified till he has taken the oaths prescribed; so it is of all other officers; the appointment is a distinct and separate thing from the qualification. Indeed, this is necessarily so for the oaths of qualification can only be administered to those who have been legally appointed. For, if the appointment be illegal, the administration of the oaths of office would be a nullity. Then the question arises, Was James

---

[3] Likewise, Tennessee Code Annotated section 17-1-104 provides:

> Before entering upon the duties of office, every judge and chancellor in this state is required to take an oath or affirmation to support the constitutions of the United States and that of this state, and to administer justice without respect of persons, and impartially to discharge all the duties incumbent on a judge or chancellor, to the best of the judge's or chancellor's skill and ability. The oath shall be administered in accordance with title 8 or any other applicable law.

Rose, at the date of the probate of this deed in controversy, a legally appointed deputy of the clerk of the county court of Shelby county? We think he was. A written authority, with full power constituting him such, had been executed and delivered by John W. Fuller, the principal clerk, who was the appointing power; but he was not a legally qualified deputy, for want of the administration of the oaths of office and qualification required by the act of 1794. Being the legally appointed deputy, he had the authority to take the probate of the deed, and the same is a valid probate.

*Id.* at 480-81.

The facts presented in this case are distinguishable from the facts presented in *Farmers*. The Constitution provides that Judge Wimberly's term was not subject to expiration until his successor was elected *and* qualified. Further, Judge Ailor's term could not begin until September 1, 2014, unless otherwise specifically provided by the legislature. Judge Ailor was duly elected on August 7, 2014; however, he was not qualified until he took the oath of office. Pursuant to the Constitution, he was also not permitted to enter upon the duties of the office before taking the oath of office. Contrary to Judge Ailor's assertion, the duties of the office necessarily include making administrative staffing decisions. With these considerations in mind, we hold that Judge Ailor did not possess the requisite authority to terminate Plaintiff's employment and was not acting as a state officer or employee for purposes of the waiver provision set forth in Tennessee Code Annotated section 9-8-307(b). We affirm the trial court's denial of Judge Ailor's motion to dismiss.

## V.    CONCLUSION

We affirm the trial court's denial of the motion to dismiss and remand this matter to the trial court for further proceedings. Costs of the appeal are taxed to the appellant, William T. Ailor.

_____
JOHN W. McCLARTY, JUDGE